## Richmond

BERTHA SMITH v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record No. 7775.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*R. R. Ryder*, for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Bertha Smith, defendant, was convicted in the court below, sitting with a jury, of unlawfully and feloniously conspiring with others for the purpose of compounding, producing and manufacturing heroin, and further conspiring with others for the purpose of distributing heroin. She was sentenced, in accordance with the jury verdict, to two years in the State penitentiary and to pay a fine of $2,000.

" 'Conspiracy is an *agreement* between two or more persons by some concerted action to commit an offense * * *.' " *Falden* v. *Commonwealth*, 167 Va. 542, 544, 189 S.E. 326, 327 (1937) (Emphasis added.) We are of opinion the evidence adduced in support of the charge was insufficient to prove an agreement between defendant and others by some concerted action to compound, produce, manufacture, and distribute heroin.

At most, the evidence, which was wholly circumstantial, shows only that defendant possessed in her home a large quantity of heroin and quinine (a substance used to cut heroin). The Commonwealth attempted to prove a conspiracy by showing that the defendant possessed quinine containing a tracer which at some earlier time had been possessed by a man named Johnnie Wallace. This evidence is not sufficient to prove an agreement to commit an offense, and that is the only evidence adduced linking defendant to Wallace. Thus, there is no evidence in the record that would permit a jury to conclude beyond a reasonable doubt that defendant was conspiring with others to compound, produce, manufacture, and distribute heroin.

The judgment is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*