THE STATE OF OHIO, APPELLEE, *v.* MARIAN, APPELLANT.

[Cite as State v. Marian (1980), 62 Ohio St. 2d 250.]

(No. 79-770—Decided May 28, 1980.)

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. J. Christopher Vahley,* for appellee.

*Mr. Lou A. D'Apolito* and *Mr. Mathew C. Giannini,* for appellant.

CELEBREZZE, C. J.   R. C. 2923.01 defines the crime of conspiracy. R. C. 2923.01(A), states, in part:

"No person, with purpose to commit or to promote or

facilitate the commission of aggravated murder or murder, kidnapping, compelling prostitution or promoting prostitution, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary, or a felony offense of unauthorized use of a vehicle, corrupting another with drugs, trafficking in drugs, theft of drugs, or illegal processing of drug documents shall do either of the following:

"(1) With another person or persons, plan or aid in planning the commission of any such offense."

R. C. 2923.01(B) states that:

"No person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by him or a person with whom he conspired, subsequent to the accused's entrance into the conspiracy. For purposes of this section, an overt act is substantial when it is of such character as to manifest a purpose on the part of the actor that the object of the conspiracy should be completed."

Under this statute one who is guilty of conspiring to commit one of the enumerated crimes is generally guilty of a crime to the next lesser degree than the most serious offense which is the object of the conspiracy. A conspiracy to commit murder or aggravated murder is a felony of the first degree.

Traditionally, a criminal conspiracy has existed only if there has been a meeting of the minds of two or more people to act together to achieve an unlawful purpose. However, in 1962, the Model Penal Code defined conspiracy to include situations where only one of the participants actually intended to achieve the unlawful purpose. This has been called the "unilateral approach" of conspiracy and it has been adopted in many jurisdictions.

The Model Penal Code very clearly enacted the unilateral approach. In Section 5.03, the code states:

"(1) Definition of Conspiracy. A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he:

"(a) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

"(b) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime."

Section 5.04 states, in part:

"(1) ***it is immaterial to the liability of a person who solicits or conspires with another to commit a crime that:

"(a) he or the person whom he solicits or with whom he conspires does not occupy a particular position or have a particular characteristic which is an element of such crime, if he believes that one of them does;***."

The language in R. C. 2923.01(A) is similar to that used in Section 5.03, but the statute has no provision equivalent to Section 5.04. It is unclear whether the General Assembly intended to adopt the unilateral approach and as a consequence this issue is before this court.

In *State* v. *St. Christopher* (1975), 305 Minn. 226, 232 N.W. 2d 798, the Minnesota Supreme Court held that an analogous statute, Minn. St. 609.175(2), prohibits unilateral as well as traditional conspiracies. The Minnesota statute states that "[w]hoever conspires with another to commit a crime and in furtherance of the conspiracy***does some overt act***" is to be sentenced as a criminal conspirator. Because the legislature had significantly altered the old statute, Minn. St. (1961) 613.70, which had made it a crime for "two or more persons" to conspire, and because the court agreed with the policy behind the unilateral approach, the Minnesota court held that the statute prohibited unilateral conspiracies, even though it had no provision similar to Model Penal Code Section 5.04.

The Ohio General Assembly has also significantly altered its definition of conspiracy. The earlier conspiracy statute, former R. C. 2901.34, which was limited to abduction cases, stated:

"If two or more persons conspire together to commit any offense under sections 2901.26 to 2901.33, inclusive, of the Revised Code, and one or more of such persons do any act to effect the object of such conspiracy, each of the persons who is a party to such conspiracy shall be imprisoned not less than five nor more than thirty years."

By changing the statutory language from requiring that two or more persons conspire to requiring that one person

plan with another, the General Assembly indicated, in much the same manner as the Minnesota legislature, an intent to include unilateral conspiracies in the conspiracy offense. In addition, the General Assembly did not enact a solicitation provision, apparently recognizing that solicitation offenses encompass dangers similar to those protected against by a unilateral conspiracy provision.*

The unilateral approach has been the subject of much criticism. Some have argued that conspiracy, which is basically an inchoate crime, is designed to protect society against the dangers inherent in group criminal conduct. They contend that the unilateral approach makes an attempted inchoate crime criminal, that it punishes what is only an evil state of mind, and as such that it is not properly a part of our criminal justice system. See Marcus, Prosecution and Defense of Criminal Conspiracy Cases, Section 2.04. Despite this criticism, we are persuaded that the prohibition of such unilateral conduct is justified.

It is true that a unilateral conspiracy makes participation in a group, rather than actual group conduct, criminal, and that it is thereby more inchoate than a traditional conspiracy. Further, participation in a group where there is not a meeting of the minds may be less dangerous to society than the actual presence of a group. However, the acts and intent of the unilateral conspirator are dangerous and his conduct is the proper subject of a criminal offense. It must now be determined whether that offense is the same conspiracy offense as the one engaged in by the participant in a more traditional conspiracy.

The acts and intent of the unilateral conspirator are identical to those of the conspirator who is part of a group where an actual meeting of the minds exists. The unilateral conspirator's culpability is the same as the participant in a more traditional conspiracy. This is in contrast to the person guilty of an attempt; he has not acted in the same manner as the man

---

* Appellant argues that R. C. 2923.01 does not prohibit unilateral conspiracies because such conspiracies are in essence criminal solicitations. The definition of conspiracy can encompass what is traditionally a criminal solicitation so long as it is not vague. Men of ordinary intelligence can discern the meaning of the conspiracy statute; as such it is not vague and can proscribe unilateral conduct.

actually guilty of the crime. Consequently, once it is decided that participation in unlawful group conduct is the proper subject of a criminal offense even in the absence of a meeting of the minds, it becomes proper to make such participation a conspiracy even though it may be inchoate in nature. The unilateral approach is properly a part of our criminal justice system.

This is particularly true when the legislature has recognized and dealt with the inchoate nature of unilateral conspiracies. R. C. 2923.01(B) requires that there be a substantial overt act, insuring that purely a state of mind is not punishable. R. C. 2923.01(G) merges the conspiracy offense, due to its inchoate nature, into the substantive offenses which are the object of the conspiracy. In addition, the legislature has not provided a separate provision for the highly inchoate solicitation offense.

We hold that a person is guilty of conspiracy under R. C. 2923.01, when with purpose to commit, promote, or facilitate the commission of one of the offenses listed in R. C. 2923.01(A), he plans the commission of the crime with another and does a substantial overt act in furtherance of the conspiracy, even though the other person feigns agreement and at no time intends to go through with the plan.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, P. BROWN, LOCHER and HOLMES, JJ., concur.

W. BROWN and SWEENEY, JJ., dissent.