**Richmond**

TODD BOYLAN FORTUNE, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1523-89-2

Decided June 11, 1991

644

COUNSEL

Conrad C. Lewane, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Todd Boylan Fortune, Jr. was convicted at a bench trial for robbery, possession of a firearm during the course of a robbery, and conspiracy to distribute cocaine. His appeal raises two issues: (1) whether an accused may be convicted under Code § 18.2-256 for conspiring to distribute cocaine with a police officer and the officer's confidential informant, and (2) whether the trial judge abused discretion in sentencing Fortune. We reverse the conspiracy conviction and dismiss the indictment, but we affirm the robbery and possession of firearm convictions.

## CONSPIRACY

The Commonwealth argues that a conspiracy to distribute cocaine existed between Fortune, Officer Mark James, and a confidential informant working as an agent for the law enforcement officer. The evidence of the alleged conspiracy came from the prosecutor's direct examination of Officer James.

Q. And prior to December 29th, 1988, had you, through an informant, ever purchased drugs from Mr. Fortune?

A. We didn't purchase drugs, but the informant had met with the defendant and the defendant showed him an ounce of cocaine. . . .

Q. Were you with your informant on December 29th, 1988?

A. Yes, sir.

Q. Was there contact made, in your presence, at that time with Mr. Fortune about the delivery of a quantity of cocaine?

A. Yes, sir.

Q. To the Ashland Inn Motel in Hanover County?

A. Yes, sir.

Q. And did you and your informant, in fact, go to a room at the Ashland Inn Motel in Hanover County?

A. Yes, sir. . . .

Q. And you were buying what quantity at this time?

A. One ounce.

Q. And you were going to use this as a sample to set up a kilo deal?

A. Yes, sir.

Q. Now were all those arrangements made between your informant and Mr. Fortune?

A. Yes, sir.

Q. And were you privy during the telephone conversation between the two of them?

A. Yes, sir. . . .

Q. How long was that prior to December 29th?

A. Approximately a week. It was . . . on the 22nd.

Q. So a week prior to this you had previous knowledge of Mr. Fortune's ability to deliver cocaine?

A. Yes, sir.

Officer James and the informant-agent arrived at the motel room and found Fortune with Mike Monahan. However, Fortune did not have cocaine and said he was unable to procure any cocaine. After brief introductions, Monahan ordered Fortune out of the room. Monahan then robbed the officer and the informer-agent, taking $1,500 in cash.

 Code § 18.2-256 provides that "[a]ny person who conspires to commit any offense defined in this article or in the Drug Control Act [is subject to a penalty] which may not be less than the minimum punishment nor exceed the maximum punishment proscribed for the offense, the commission of which was the object of the conspiracy." Code § 18.2-22 makes it a felony "[i]f any person shall conspire, confederate or combine with another . . . to commit a felony." Neither statute defines "conspire." Penal statutes, however, are to be strictly construed against the Commonwealth and in favor of the accused without impairing the General Assembly's original purpose. *E.g.*, *Cartwright v. Commonwealth*, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982).

 Virginia case law is replete with judicial analysis of what elements are necessary to constitute a conspiracy.

> In order to convict the defendant of conspiring . . . to distribute a controlled drug, the Commonwealth had to prove beyond a reasonable doubt that an agreement existed between the two men by some concerted action to distribute the drugs.

*Reed v. Commonwealth*, 213 Va. 593, 594, 194 S.E.2d 746, 747 (1973). The requirement of "an agreement between two or more persons" has been the law in Virginia since the Supreme Court adopted the "accepted definition of conspiracy" in *Falden v. Commonwealth*, 167 Va. 542, 544, 189 S.E. 326, 327 (1937). "Two reasons have been given for making such an agreement illegal. One is to punish the special dangers inherent in group criminal activity. The second is to permit preventive steps against those who show a disposition to commit crime." *Cartwright*, 223 Va. at 372, 288 S.E.2d at 493 (citation omitted).

Conspiracy is a crime that possesses both an *actus reus* and a *mens rea* element. Conspiracy requires

> (1) an agreement between two or more persons, which constitutes the act; and (2) an intent to thereby achieve a certain objective which, under the common law definition, is the doing of either an unlawful act or a lawful act by unlawful means.

W. LaFave & A. Scott, *Criminal Law* § 461 (1972). "The agreement is the essence of the conspiracy offense." *Zuniga v. Commonwealth*, 7 Va. App. 523, 527-28, 375 S.E.2d 381, 384 (1988). An agreement requires plurality of intent, a meeting of the minds. "[I]t must be shown that the requisite intent existed as to at least two persons. That is, there must be a common design, so that if only one party to the agreement has the necessary mental state then even that person may not be convicted of conspiracy." W. LaFave & A. Scott, *supra* at 470.[1]

---

[1] We do not hold that a defendant may not be convicted of conspiracy where another party to the conspiracy is not prosecuted or is acquitted on non-substantive grounds. Code § 18.2-256 and presumptively Code § 18.2-22 expressly allow for the prosecution and conviction of an individual who unlawfully conspires. The breadth of our decision concerns the narrow issue whether there was an actual agreement between the participants of the alleged conspiracy.

■ In Fortune's case, neither the officer nor the informant-agent entered into an agreement with Fortune. The informant, acting as a police agent, approached Fortune and asked if Fortune could get James some cocaine. Over time, the informant-agent planned to induce Fortune to sell James an ounce of cocaine as a prelude to James making a kilogram purchase of cocaine. Neither the informant-agent nor the officer did more than pretend to agree to the scheme. One who has no intention of following through with the common scheme but, instead, has the explicit intent to foil the ultimate conspiratorial success has not entered into an agreement. *See United States v. Escobar De Bright*, 742 F.2d 1196, 1199 (9th Cir. 1984); *United States v. Chase*, 372 F.2d 453, 459 (4th Cir.), *cert. denied*, 387 U.S. 907 (1967). "There is neither a true agreement nor a meeting of minds when an individual 'conspires' to violate the law with [a] person . . . that . . . is a government agent. . . . In short, the formal requirements of the crime of conspiracy have not been met unless an individual conspires with at least one bona fide co-conspirator." *Escobar De Bright*, 742 F.2d at 1199 (citation omitted). For that reason, Fortune did not conspire to distribute cocaine with the officer and the informant-agent.

The Commonwealth argues, however, that the General Assembly intended to adopt a unilateral theory of conspiracy. The unilateral approach allows for a conspiracy conviction of anyone who believes he is in agreement with another to accomplish an unlawful act. Some states have adopted such an approach. *See* Note, *Reforming the Law of Inchoate Crimes*, 59 Va. L. Rev. 1235, 1247-60 (1973); *see also* Burgman, *Unilateral Conspiracy: Three Critical Perspectives*, 29 De Paul L. Rev. 75 n.3 (1979) (providing a compilation of state statutes and cases adopting, rejecting, remaining undecided on the adoption of the unilateral approach to conspiracy). We find no evidence, however, that Virginia's General Assembly intended to adopt an approach other than the traditional, bilateral interpretation of conspiracy.

The Commonwealth's position turns on the premise that the Model Penal Code adopts the unilateral approach and, therefore, state statutes drafted in conformity with the Model Penal Code should be construed likewise. Model Penal Code § 5.03 reads in part,

(1) *Definition of Conspiracy.* A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he: (a) agrees with such other person or persons that they or one or more of them will engage in conduct that constitutes such crime or an attempt or solicitation to commit such crime . . . .

(5) *Overt Act.* No person may be convicted of conspiracy to commit a crime, other than a felony of the first or second degree, unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

In a note immediately following the text, the commentators wrote, "[g]uilt as a conspirator is measured by the situation as the actor views it; he must have the purpose of promoting or facilitating a criminal offense, and with that purpose must agree (*or believe that he is agreeing*) . . . ." Model Penal Code § 5.03 explanatory note (emphasis added). Observing that Code § 18.2-22 incorporates similar language, prohibiting "any person [to] conspire . . . with another," the Commonwealth argues that this Court should follow the Model Penal Code approach.

The Commonwealth relies upon the analysis adopted by the Ohio Supreme Court in *State v. Marian,* 62 Ohio St. 2d 250, 405 N.E.2d 267 (1980). At the time of the opinion, Ohio's conspiracy statute, Ohio Rev. Code Ann. § 2901.23, stated, " '[n]o person, with purpose to commit [designated felony offenses] . . . shall do . . . the following: (1) [w]ith another person or persons, plan or aid in planning the commission of any such offense.' " *Id.* at 251-52, 405 N.E.2d at 269. The court remarked on the similarities between Ohio's then current statute and Model Penal Code § 5.03 and reasoned,

[b]y changing the statutory language from requiring that two or more persons conspire to requiring that one person plan with another, the General Assembly indicated . . . an intent to include unilateral conspiracies in the conspiracy offense. . . . The unilateral approach is properly a part of our criminal justice system.

*Id.* at 253-55, 405 N.E.2d at 270. The court relied substantially upon the fact that the Ohio legislature had significantly changed the former conspiracy statute that read, " '[i]f two or more persons conspire together to commit any offense . . . .' " *Id.* at 253, 405 N.E.2d at 270.

■ This analysis fails, however, when applied to Code §§ 18.2-22 and 18.2-256. The legislative history of our conspiracy statutes shows that in 1934, the General Assembly enacted the following conspiracy statute: "if any person shall conspire or confederate or combine with another . . . to murder, rape, rob or kidnap . . . he shall be guilty of a felony." 1933-34 Va. Acts c. 146. In 1934, the Supreme Court interpreted the statute and adopted "[t]he accepted definition of conspiracy [as]: '. . . an agreement between two or more persons by some concerted action to commit an offense.' " *Falden v. Commonwealth*, 167 Va. at 544, 189 S.E. at 327. In 1972, the General Assembly reenacted the general conspiracy statute, incorporating virtually the identical "conspiracy" language of the repealed statute. 1972 Va. Acts c. 484. ("If any person shall conspire, confederate or combine with another. . . ."). "[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein." *McFadden v. Commonwealth*, 3 Va. App. 226, 230, 348 S.E.2d 847, 849 (1986) (quoting *Burns v. Board of Supervisors*, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984)). Our Supreme Court reaffirmed the *Falden* definition in *Smith v. Commonwealth*, 212 Va. 662, 662, 187 S.E.2d 205, 205 (1972), and in *Reed*, 213 Va. at 594, 194 S.E.2d at 747. More recently, the Supreme Court restated the bilateral definition in *Cartwright v. Commonwealth*, 223 Va. at 372, 288 S.E.2d at 493. This Court is bound to follow the unequivocal statutory precedent. *See, e.g., Johnson v. Commonwealth*, 8 Va. App. 34, 38, 377 S.E.2d 636, 638 (1989) (Cole, J., writing for unanimous panel); *Amato v. Commonwealth*, 3 Va. App. 544, 551, 352 S.E.2d 4, 8 (1987) (Baker, J., writing for unanimous panel). Accordingly, we conclude that neither our legislative history nor our judicial precedent supports the proposition that the essence of a conspiracy is either an agreement or a *belief that one is in agreement*. Absent an actual agreement between two or more persons, a bilateral meeting of the minds, Virginia law precludes a finding that a conspiracy exists.

## SENTENCING

Fortune was convicted for robbery, conspiracy, and the use of a firearm in the commission of a felony. At trial, Fortune presented mitigating evidence, including testimony as to his character, his drug dependency, and the effects of his father's death. Defense counsel indicated that Fortune had attended Alcoholics Anonymous and studied for his high school equivalency exam while incarcerated. The trial court considered the trial evidence, the presentence report, and the mitigating evidence presented on Fortune's behalf. The judge sentenced Fortune to thirty years for robbery, two years for possessing the firearm, and twenty years for conspiracy. The court suspended the conspiracy sentence.

■ Fortune contends the trial judge failed to consider and account for the mitigating evidence. The true issue on appeal, however, is whether the trial judge abused discretion in determining the sentences. "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Abdo v. Commonwealth*, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977) (citing *Perry v. Commonwealth*, 208 Va. 283, 156 S.E.2d 566 (1967)). The trial judge's sentence in this case was within the statutory limits for robbery and use of a firearm. We find no evidence of an abuse of discretion.

For these reasons, we reverse the conspiracy conviction and dismiss the indictment. We affirm the robbery and firearm possession convictions.

*Reversed and dismissed in part,*
*affirmed in part.*

Koontz, C.J., and Cole, J.,* concurred.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.