COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Willis and Senior Judge Hodges
Argued at Alexandria, Virginia


MICHAEL DWAYNE CARTER

v.         Record No. 1756-94-4        MEMORANDUM OPINION[*] BY
                                       JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                     OCTOBER 3, 1995


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                       Frank A. Hoss, Jr., Judge

              Polly B. Knight for appellant.

              Eugene Murphy, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on
              brief), for appellee.



        On appeal from his conviction of conspiracy to distribute

cocaine, Michael Dwayne Carter contends that the evidence is

insufficient to support his conviction.  We agree and reverse the

judgment of the trial court.

        On July 2, 1993, while conducting covert surveillance in the

area of Bird Drive in Manassas, Officer Woolverton saw Mary

Barber, whose identity he knew, talking to a man later identified

as Gerald Davis.  Davis asked Ms. Barber whether she could find

him some drugs.  He gave her $140.  Ms. Barber approached Carter

who was standing nearby.  He gave her crack cocaine, which she

gave to Davis, who then walked away.  Ms. Barber then gave the

$140 to Carter.

        This evidence fails to prove that Carter conspired with Ms.

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Barber to distribute cocaine to Davis. "A conspiracy is 'an agreement between two or more persons by some concerted action to commit an offense.'" Brown v. Commonwealth, 3 Va. App. 101, 107, 348 S.E.2d 408, 411 (1986). "Absent an actual agreement between two or more persons, a bilateral meeting of the minds, Virginia law precludes a finding that a conspiracy exists." Fortune v. Commonwealth, 12 Va. App. 643, 650, 406 S.E.2d 47, 50 (1991). "[T]he Commonwealth must prove beyond a reasonable doubt that an agreement existed." Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978).

"A conspiracy to distribute drugs can be shown by a series of drug transactions where one person sells drugs to a buyer who, in turn, resells them to a third party." Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993). "As a general rule a single buyer-seller relationship, standing alone, does not constitute a conspiracy." Zuniga v. Commonwealth, 7 Va. App. 523, 528, 375 S.E.2d 381, 385 (1988). "Likewise, evidence of a distribution offense absent an agreement will not suffice to support a conspiracy conviction." Id.

Viewed in the light most favorable to the Commonwealth, the evidence failed to prove that Carter and Ms. Barber had prearranged the distribution of drugs. No evidence proved a prior meeting, a meeting of the minds, or prior transactions completed in the same manner by Ms. Barber for Carter. The evidence disclosed only an isolated transaction wherein Ms.

Barber agreed to act on behalf of Davis to purchase drugs.  The Commonwealth failed to prove a conspiracy between Carter and Ms. Barber.

The judgment of the trial court is reversed.

Reversed.