COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


CLIFFORD O'NEAL KING

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1130-96-2    JUDGE ROSEMARIE ANNUNZIATA
                                           JANUARY 28, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    Richard H. C. Taylor, Judge

          Hugh S. Campbell (Campbell, Campbell, Herbert &
          Harris, on brief), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     Following a bench trial, appellant, Clifford O'Neal King,

was convicted of distribution of cocaine and conspiracy to

distribute cocaine.  On appeal, he contends the evidence is

insufficient to support his conviction for conspiracy to

distribute.  We agree and reverse.

     Lloyd Evans, acting undercover as a Special Agent of the

Virginia State Police, met with appellant and discussed with him

the possibility of purchasing cocaine.  Appellant asked Evans for

a quarter, which he used to place a telephone call.  Evans

overheard appellant refer to the person he called as "Ben."  With

that exception, there is no evidence concerning the content of

the phone conversation.  After completing the call, appellant

─────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

told Evans appellant could obtain drugs from a person named Ben.

Appellant, Evans, Charles Brown (Charles) and another man drove to the nearby home of Benjamin Harris (Ben). When they arrived, Evans gave appellant eighty dollars. Appellant took the money, exited the vehicle, approached the house and was met by Ben. Evans witnessed appellant and Ben exchange something, but the record contains no evidence concerning any communication made between appellant and Ben during the transaction. Following the transaction, appellant returned to the vehicle and presented Evans with crack cocaine. Appellant testified that, following the transaction, Ben walked to the car and spoke to Charles.

"Conspiracy is defined as `an agreement between two or more persons by some concerted action to commit an offense.'" Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)). There is no dispute that the relevant agreement in this case is the alleged agreement between appellant and Ben to distribute cocaine; any "agreement" between appellant and Evans is irrelevant. See Fortune v. Commonwealth, 12 Va. App. 643, 648, 406 S.E.2d 47, 49 (1991) ("agreement" with government agent insufficient to support conviction for conspiracy).

> An agreement requires plurality of
> intent, a meeting of the minds. "[I]t must
> be shown that the requisite intent existed as
> to at least two persons. That is, there must

- 2 -

be a common design, so that if only one party
to the agreement has the necessary mental
state then even that person may not be
convicted of conspiracy."

Id. at 647, 406 S.E.2d at 49 (citation omitted). "As a general
rule a single buyer-seller relationship, standing alone, does not
constitute a conspiracy." Zuniga v. Commonwealth, 7 Va. App.
523, 528, 375 S.E.2d 381, 385 (1988). Accordingly, in the
present case, the Commonwealth was required to prove an agreement
between appellant and Ben to distribute cocaine to a third party.

Here, the record contains no direct evidence of an agreement
between appellant and Ben to distribute cocaine to a third party.
The evidence of the phone call showed only that appellant spoke
to a man named Ben; the evidence of the transaction showed only
that appellant and Ben exchanged something.

The Commonwealth argues that circumstantial evidence and
inferences to be drawn therefrom, viewed in the light most
favorable to the Commonwealth, supports the trial court's finding
that a conspiracy to distribute existed. We disagree.

"[W]here the Commonwealth's evidence as to an element of an
offense is wholly circumstantial, `all necessary circumstances
proved must be consistent with guilt and inconsistent with
innocence and exclude every reasonable hypothesis of innocence.'"
Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553
(1987) (citation omitted). The Commonwealth argues that the

evidence of the phone call and the resulting exchange of money for drugs led the trial court to the "logical conclusion" that "Ben indicated he was able to supply cocaine to the others in exchange for $80."[1]

The evidence supports the finding that appellant arranged to purchase cocaine from Ben and did, in fact, exchange the money Evans gave him for drugs. However, the evidence fails to exclude the hypothesis that Ben was aware only of the transaction between himself and appellant. Accordingly, the Commonwealth failed to prove the requisite agreement, and appellant's conviction must be reversed.

Reversed and dismissed.

---

[1]The Commonwealth relied on a similar argument at trial. It argued to the court that "[appellant] calls [Ben] and says I've got a buyer, will you sell us drugs."