COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


TIMOTHY JOSEPH LEVI

MEMORANDUM OPINION[*] BY
v.          Record No. 2640-96-2          JUDGE LARRY G. ELDER
                                           SEPTEMBER 16, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Kevin M. Schork (Epperly, Follis & Schork,
P.C., on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Timothy Joseph Levi (appellant) appeals his convictions of two counts of conspiracy to distribute heroin in violation of Code § 18.2-256.[1] He contends that the evidence was insufficient to prove that he entered into an agreement with either Corey Jones or "Darrell"[2] to distribute heroin. For the reasons that follow, we affirm.

Under Code § 18.2-256, it is illegal for any person to conspire to commit any offense defined in either the article of the criminal code dealing with drug-related crimes or in the Drug

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]Appellant was also convicted of two counts of distributing heroin in violation of Code § 18.2-248. He does not appeal either of these convictions.

[2]The evidence admitted at trial did not establish Darrell's last name.

Control Act.  Although Code § 18.2-256 does not set forth the meaning of "conspire," its definition is well established.  "A conspiracy is 'an agreement between two or more persons by some concerted action to commit an offense.'"  Hudak v. Commonwealth, 19 Va. App. 260, 262, 450 S.E.2d 769, 771 (1994) (citations omitted).

The existence of an actual agreement between two or more persons is an essential element of the crime of conspiracy.  See Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 48 (1991).

> In order to establish the existence of a conspiracy, as opposed to mere aiding and abetting, the Commonwealth must prove "the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting."

Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988) (citation omitted).  The existence of an agreement between an accused and another person to commit an offense may be proved by circumstantial evidence.  See Schultz v. Commonwealth, 6 Va. App. 439, 442-43, 369 S.E.2d 215, 217 (1988) (citing Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1974)).  "[A] formal agreement need not be shown" and "a conspiracy 'can be inferred from the overt conduct of the parties.'"  Id. at 443,

369 S.E.2d at 217 (citation omitted).

When the sufficiency of the evidence to prove conspiracy is challenged on appeal, "the evidence must be viewed in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 523-24 (1988) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). The jury's verdict will not be disturbed unless plainly wrong or without evidence to support it. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

First, we conclude that the evidence was insufficient to prove the existence of a conspiracy between appellant and Jones. During both transactions for which appellant was charged with conspiracy, Jones was working as a confidential informant -- an agent of the police. Because Jones was not a "bona fide co-conspirator," there could be no "meeting of the minds" as a matter of law between him and appellant to distribute heroin to Detective Foster. See Fortune, 12 Va. App. at 648, 406 S.E.2d at 49.

However, we also conclude that the evidence was sufficient to support the jury's conclusion that appellant entered into an agreement with Darrell to distribute heroin. Jones' testimony regarding the conduct of Darrell and appellant on December 7 and 12 and the tape of the telephone conversation between Darrell and Jones indicates that Darrell and appellant had previously agreed

3

to sell heroin.  The integral role played by Darrell in both transactions and the orchestrated nature of his participation supports the reasonable inference that he both knew of appellant's plan to sell heroin to Jones and had earlier formed the intent to cooperate in the venture.  From his initial phone call to Jones on behalf of appellant to his continuous chauffeuring of appellant and Jones throughout all of the pivotal points of both deals, Darrell's coordinated participation indicates that he and appellant were working together pursuant to a prior agreement.

Because we cannot say that the jury's conclusion that appellant entered into an agreement with Darrell to distribute heroin was either plainly wrong or unsupported by the evidence, we affirm the convictions of conspiracy to distribute heroin.

Affirmed.
