COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Chesapeake, Virginia


TUSHUNDI OMAR JONATHAN
                                     MEMORANDUM OPINION[*] BY
v.    Record No. 1983-98-1           JUDGE JERE M. H. WILLIS, JR.
                                          NOVEMBER 9, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Robert P. Frank, Judge

           Oldric J. LaBell, Jr., for appellant.

           Shelly R. James, Assistant Attorney General
           (Mark L. Earley, Attorney General; Daniel J.
           Munroe, Assistant Attorney General, on
           brief), for appellee.


     On appeal from his conviction of possession of cocaine with

intent to distribute, in violation of Code § 18.2-248, Tushundi

Omar Jonathan contends that the trial court erred (1) in failing

to comply with his plea agreement as it was understood by him,

(2) in failing to follow the sentence recommendation of the

Commonwealth's Attorney, (3) in holding that the plea agreement

was no longer binding when he was sentenced, and (4) in allowing

the Commonwealth's Attorney to argue for a sentence inconsistent

with the plea agreement.  Jonathan did not preserve the first

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

three grounds for appeal.  We find no abuse of discretion as to
the fourth ground.  We affirm the judgment of the trial court.

                                I.

     On December 18, 1997, Jonathan pled guilty to possession of
cocaine with the intent to distribute, in violation of Code
§ 18.2-248.  The plea was entered upon the Commonwealth's
agreement not to ask for more than two years imprisonment.  The
agreement was informal and unwritten.  This appears clearly from
the trial court's questioning of Jonathan at arraignment.  At
that hearing, the following dialogue occurred:

>          [Trial] court:  Now, sir, there is no
>     plea agreement, and the Commonwealth is not
>     recommending a specific sentence.
>     Therefore, while the Commonwealth will ask
>     for no more than two years, I'm not bound by
>     the Commonwealth's request.
>
>          Do you understand that?
>
>          [Jonathan nodded his head
>     affirmatively.]
>
>          [Trial] court:  And if I don't follow
>     their request, you can't withdraw your plea
>     of guilty.
>
>          Do you understand that?
>
>          [Jonathan]: Yes, sir.
>
>          *      *      *      *      *      *      *
>
>          [Trial] court:  And you understand that
>     I could sentence you to more years than the
>     Commonwealth requests or that's even found
>     in the guidelines?
>
>          [Jonathan]: Yes, sir.

                                -

On January 21, 1998, Jonathan moved to withdraw his guilty plea. The trial court warned defense counsel that: "[Jonathan's] got two years. And if I grant the new trial, he could be looking at a whole lot more than that. Because I'm sure all deals are off at that point." The Commonwealth's Attorney stated that she felt that the agreement would be revoked if Jonathan were granted a new trial. The trial court further said: "If I grant a new trial, if he's found guilty, he's going to sure be looking at a whole lot more. He is going to be looking at multiples of two years and not two years or less. Do you understand what I am saying?" To which defense counsel replied: "Yes, sir."

On June 30, 1998, Jonathan withdrew the motion to withdraw his guilty plea. At a subsequent hearing, on July 17, 1998, the Commonwealth argued that the sentencing agreement was automatically revoked when Jonathan moved to withdraw his plea. The trial court responded: "Well, the Commonwealth may be bound by the recommendation. The [trial c]ourt isn't bound . . . by the recommendation."

At sentencing on August 10, 1998, the trial court again confirmed that there was no formal plea agreement and that it was not bound by the understood agreement between Jonathan and the Commonwealth:

> [Trial] court: But there's no written plea agreement?

-

[Defense Counsel]: No, sir.

[Trial] court:  And you would agree that I don't have to follow that recommendation?

[Defense Counsel]:  That is correct, Your Honor.

[Trial] court:  Nor does he - - - nor does he have a right to withdraw his plea if I don't follow the recommendation?

[Defense counsel]:  That is correct, Judge.

Upon Jonathan's plea of guilty, the trial court found him guilty and sentenced him to serve fifteen years imprisonment with eleven of those years suspended.

## II.

Jonathan contends that the trial court erred in refusing to be bound by the agreement as he understood it and in failing to follow the sentencing recommendation of the Commonwealth. Jonathan concedes that these issues were not preserved properly for appeal, see Rule 5A:18, but argues that the "ends of justice" exception to the operation of the rule applies.  Rule 5A:18 states:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

-

<u>Id.</u>  For the "ends of justice" exception to apply, Jonathan must

prove that a miscarriage of justice has actually occurred.  <u>See</u>

<u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221-22, 487 S.E.2d 269,

272-73 (1997).  He has not done so.  He understood the

consequences of his plea, as evidenced by his answers to the

trial court's questions.  Further, the agreement was merely a

promise by the Commonwealth not to seek more than two years

imprisonment.  Jonathan was never assured of his actual

sentence.  The trial court never agreed to be bound by the

Commonwealth's recommendation, but, indeed, asserted repeatedly

that it would not be so bound.

   The actual sentence imposed no injustice.

> "[W]hen a statue prescribes a maximum
> imprisonment penalty and the sentence does
> not exceed that maximum, the sentence will
> not be overturned as being an abuse of
> discretion."

<u>Fortune v. Commonwealth</u>, 12 Va. App. 643, 651, 406 S.E.2d 47, 51

(1991) (citation omitted).

### III.

   Jonathan next contends that the trial court erred in ruling

at sentencing that the plea agreement was no longer binding.  He

argues that at the June 30 hearing, the trial court told him

that he could "stick with" the original agreement, and that the

trial court thereby bound itself to comply with the

agreement.  However, he never asserted this position before the

trial court and it is clear that the trial court never

-

considered itself bound by the original agreement. Throughout the proceedings, the trial court maintained and reiterated that it would not be bound by the agreement and that Jonathan could not withdraw his plea if the trial court imposed a more severe sentence. The previously-recited dialogue between Jonathan's attorney and the court shows plainly that Jonathan accepted this ruling without objection. Thus, Jonathan did not preserve this issue for appeal. See Rule 5A:18.

IV.

Finally, Jonathan contends that the Commonwealth failed to comply with the agreement and sought a greater penalty than the agreed two years imprisonment. At no time at the August 10, 1998 sentencing hearing, however, did the Commonwealth ask the trial court to impose a more severe sentence. At that hearing, the Commonwealth's Attorney reviewed Jonathan's prior criminal record and the procedural history of the case. When defense counsel inquired as to the purpose of the Commonwealth's examination of those matters, the trial court acknowledged that it had ruled on the matter previously and that the Commonwealth would be bound by the agreed sentencing recommendation. The Commonwealth's Attorney then conceded that the "original recommendation was that the Commonwealth would agree that the defendant would serve two years." Thus, the trial court did not allow the Commonwealth to argue for a harsher punishment.

-

The agreement between Jonathan and the Commonwealth was informal.  Jonathan clearly understood that the trial court was not bound by it.  We find no abuse of discretion in the sentence.  The sentence imposed no injustice.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>