COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Russell and AtLee
Argued at Richmond, Virginia

UNPUBLISHED

DEJUAN LATEL ROY

MEMORANDUM OPINION[*] BY
v.      Record No. 1403-15-2      JUDGE RICHARD Y. ATLEE, JR.
MARCH 7, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Nathan C. Lee, Judge

Matthew C. Stewart for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a bench trial, a judge of the Circuit Court of Prince George County ("trial

court") convicted appellant Dejuan Latel Roy of possession of cocaine with intent to distribute

and conspiracy to commit that crime.  He received a sentence of ten years in prison with all ten

years suspended for the possession conviction, and forty years in prison with thirty-four years

and eleven months suspended for the conspiracy conviction.  He raises two assignments of error

on appeal:

1.  The evidence was insufficient to show he actually or constructively possessed the
cocaine.

2.  There was insufficient evidence that he had entered a conspiracy because the
Commonwealth failed to prove there was any agreement, either express or implied,
between Roy and any other person to possess cocaine with intent to distribute it.

For the reasons that follow, we agree with Roy's arguments and reverse his convictions.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On May 3, 2014, an officer of the Prince George County Police Department was on patrol when he observed a Dodge Charger weaving through lanes of traffic at approximately 1:20 a.m.  The officer stopped the vehicle and found Roy in the driver seat, Brando Carter in the front passenger seat, and Derrick Williams in the rear passenger seat.  When the officer asked Roy for his identification and vehicle registration, Roy responded that his driver's license was suspended, and informed the officer that the mother of his child had rented the vehicle and that neither he nor any of the other passengers were authorized drivers under the rental agreement.

Because Roy appeared intoxicated, the officer had Roy perform field sobriety tests, which he failed.  He arrested Roy for driving under the influence and for driving on a suspended license.  The officer then asked Carter and Williams to step out of the vehicle so he "could inventory it for tow."  Once they complied, Richardson asked each for consent to search their persons, to which they both agreed.  The officer found $3,792 in Williams's pockets, folded by denomination.  Williams gave inconsistent statements about the source of the cash, first stating he found it inside the vehicle and later saying his girlfriend gave it to him.

During the vehicle search, officers found that the glove compartment contained a semi-automatic handgun and a bag containing a white powdery substance that was later confirmed to be 20.54 grams of cocaine.  The cocaine was packaged into four separate baggies.  An expert testified at trial that the packaging, the amount of cocaine, and the presence of a firearm were factors inconsistent with personal use.

## II. ANALYSIS

"When examining a challenge to the sufficiency of the evidence, an appellate court must review the evidence in the light most favorable to the prevailing party at trial and consider any reasonable inferences from the facts proved." Thomas v. Commonwealth, 279 Va. 131, 155-56,

688 S.E.2d 220, 234 (2010). "The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it." Id. at 156, 688 S.E.2d at 234 (quoting Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005)).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that three people were in a vehicle that was lawfully stopped. Roy was the driver. The glove compartment (which was "standard," *i.e.*, opaque) contained a firearm and 20.54 grams of cocaine in four baggies. Williams, the car's rear passenger, possessed over $3,700 in cash, divided and folded by denomination. For the following reasons, we find the evidence of both possession and conspiracy insufficient and reverse the convictions.

A. *Possession*

To establish possession of a controlled substance with intent to distribute, "the Commonwealth had to prove beyond a reasonable doubt that [Roy] was aware of the presence and character of the drug and that he consciously possessed it." Jordan v. Commonwealth, 273 Va. 639, 645, 643 S.E.2d 166, 170 (2007). Possession may be actual or constructive. Id. at 646, 643 S.E.2d at 170. "Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'" Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

Proximity to drugs may be probative in determining whether an accused possessed drugs, but proximity alone is insufficient to prove knowing possession. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (*en banc*). Likewise, occupancy of the vehicle in

which drugs are found may be probative of possession but is insufficient, standing alone, to establish knowing possession. Coward v. Commonwealth, 48 Va. App. 653, 658, 633 S.E.2d 752, 754 (2006) ("While 'occupancy of a vehicle . . . where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the occupant . . . exercised dominion and control over items in the vehicle' it is 'insufficient to prove knowing possession of drugs.'" (quoting Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992))).

Here, the sole evidence connecting Roy to the contraband was that he was driving the vehicle that contained it. He did not own the vehicle nor was he authorized to drive it under the rental agreement. The record contains no statements from, or actions by, Roy or his co-defendants suggesting he was aware of the presence of the contraband. See Jordan, 273 Va. at 645, 643 S.E.2d at 170. Even viewing the evidence in the light most favorable to the Commonwealth, we find it insufficient to prove knowing possession. Because the trial court was plainly wrong in finding Roy possessed the cocaine, we reverse that conviction.

## B. *Conspiracy*

To prove conspiracy, "the Commonwealth had to prove beyond a reasonable doubt that an agreement existed between the . . . men by some concerted action to distribute the drugs." Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 48 (1991) (quoting Reed v. Commonwealth, 213 Va. 593, 594, 194 S.E.2d 746, 747 (1973)).

> Because most conspiracies are "clandestine in nature," 2 Wayne R. LaFave, Substantive Criminal Law § 12.2(a), at 266 (2d ed. 2003), by "the very nature of the offense, it often may be established only by indirect and circumstantial evidence," Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982).

James v. Commonwealth, 53 Va. App. 671, 678, 674 S.E.2d 571, 575 (2009). "Thus, when 'it has been shown that the defendants "by their acts *pursued the same object*, one performing *one*

*part* and the others performing *another part* . . . , the [fact finder] will be justified in concluding that they were engaged in a conspiracy . . . .”’” Id. at 678, 674 S.E.2d at 575 (quoting Charity v. Commonwealth, 49 Va. App. 581, 586, 643 S.E.2d 503, 505 (2007)). “Without more, mere ‘proof of overt acts in themselves is not sufficient, for it must be established that the conspiracy or agreement which is charged to have existed . . . had been formed before and was existing at the time of the commission of [any] overt act or acts.’” Poole v. Commonwealth, 7 Va. App. 510, 513, 375 S.E.2d 371, 372-73 (1988) (quoting Harms v. United States, 272 F.2d 478, 482 (4th Cir. 1959)). Accordingly, “[a]bsent an actual agreement between two or more persons, a bilateral meeting of the minds, Virginia law precludes a finding that a conspiracy exists.” Fortune, 12 Va. App. at 650, 406 S.E.2d at 50.

In Charity, this Court affirmed the defendant’s conviction of conspiracy to escape from prison despite the lack of any evidence of any conversation between the defendant and the other inmate. 49 Va. App. at 583, 643 S.E.2d at 504. This Court reasoned that a fact finder could reasonably conclude there was an agreement between the inmates because “[the] facts demonstrate[d] that the two men specifically focused their combined efforts on reaching and attempting to drive away in [a] truck, which was crucial to the success of their attempted escape.” Id. at 587, 643 S.E.2d at 505. Although there was no evidence of a conversation between the defendant and the other inmate, the truck they tried to drive away regularly delivered and picked up items from the jail around the same time on most days, the defendant shoved the driver aside while the other inmate climbed in and *slid over* to the passenger seat so that the defendant could climb into the driver’s seat, and the inmates worked together to keep the driver’s side door closed against the officers’ and driver’s attempts to open the door and remove them from the truck. Id. at 586-87, 643 S.E.2d at 505. Thus this Court held “that sufficient evidence exists to find, as the trial court noted in denying the motion to strike, that the actions

described above were undertaken by the efforts of two men *acting together* to attain the ultimate goal of escaping from prison." Id. at 587, 643 S.E.2d at 505 (emphasis added).

By contrast, in this case, this Court finds that the evidence is not sufficient to find that a conspiracy existed between Roy and either or both of the other two occupants. Similar to Charity, there is no evidence of a conversation between Roy and the other occupants in the vehicle nor are there any statements made by any occupants from which to infer an agreement. But unlike Charity, the fact that two other men were in the car with Roy is insufficient to find beyond a reasonable doubt that any of the occupants of the vehicle were "acting together to attain the ultimate goal" of distributing the cocaine in the closed glove compartment. See id. There was no scent, residue, or evidence of the cocaine on any of the occupants of the vehicle. There is no evidence of the order in which each person entered the vehicle or how long each was in the vehicle. Further, there were no furtive movements by the occupants or other overt actions that tended to prove they were working together to accomplish anything other than driving down the road at an early hour in the morning. The fact that Williams was carrying a large sum of money, or that Carter was sitting in front of the glove compartment, are not overt acts that tend to show that either of them was acting in concert with Roy to distribute cocaine. Similarly, the fact that Roy was driving the vehicle is not an overt act tending to show that he was acting in concert with either Williams or Carter. Although evidence of an agreement is generally circumstantial, "[s]uspicion is not enough; conjecture is not proof." Stoots v. Commonwealth, 192 Va. 857, 865, 66 S.E.2d 866, 871 (1951). Without evidence of "an actual agreement between two or more persons . . . , Virginia law precludes a finding that a conspiracy exists." Fortune, 12 Va. App. at 650, 406 S.E.2d at 50. The record is devoid of any statements or actions to support a finding that there was an agreement between Roy and any other person to distribute cocaine. For that reason, we reverse Roy's conspiracy conviction.

### III. CONCLUSION

Viewed in the light most favorable to the Commonwealth, the evidence fails to establish either that Roy possessed the cocaine or that he agreed to conspire with one or more individuals to distribute it. Accordingly, we reverse Roy's convictions and dismiss the indictments.

<u>Reversed and dismissed.</u>