**UNITED STATES of America,
Appellee,**

v.

**Terry Fenton HARRIS, Appellant.**

**No. 13586.**

United States Court of Appeals,
Fourth Circuit.

Argued March 3, 1970.

Decided Oct. 14, 1970.

Charles A. Dukes, Jr., Hyattsville, Md. (court-appointed) (Green, Babcock & Dukes, Hyattsville, Md., on brief), for appellant.

David H. Hopkins, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

HAYNSWORTH, Chief Judge:

The defendant appeals from his conviction for conspiracy to make false bank entries (18 U.S.C. §§ 371, 1005), claiming that his conviction as a conspirator is unlawful in that no party to the conspiracy had legal capacity to commit the offense, and that the evidence was insufficient to support his conviction. We find no error and affirm.

## I

■ In a separate trial, his alleged co-conspirator, Edick, was convicted of conspiracy and of misapplication of bank funds and falsification of the records of a federally related bank. Edick's principal defense, that he was not directly employed by the bank whose records he falsified, has been resolved against him. United States v. Edick, 4 Cir., 432 F.2d 350. Since the co-conspirator's false entries were a violation of 18 U.S.C. § 1005, a federal offense, the main contention here is answered by our opinion in *Edick*. As long as Edick was within the reach of § 1005, as we have held, Harris cannot rely upon Edick's claimed immunity.

## II

■ Harris was convicted of conspiracy after a second trial. In the first trial he moved for, and was denied, a directed verdict, but that trial aborted after the jury was unable to reach a verdict. He argues that the evidence was insufficient at each trial to warrant jury consideration of his guilt, and that the judgment of conviction should be reversed. Alternatively, he argues that because his motion for a directed verdict of acquittal at the first trial was improperly denied, his second trial placed him twice in jeopardy for the same offense and cannot be upheld, regardless of the sufficiency of the evidence at the later trial.

The double jeopardy argument presents difficult questions with respect to our power to review rulings in a trial which failed, after presentation of the case to the jury, to result in a verdict, and, if our power to review such rulings is established, with respect to the proper disposition of such a case. However, the questions are academic here, since a review of the trial records persuades us that the evidence at each trial was sufficient to warrant submission of the ultimate issue to the jury. The evidence at the two trials varied in some details, but in each trial, when considered in the light most favorable to the Government, the evidence tended to show Edick's ille-

gal diversion of credits to Harris's account and Harris's withdrawal of the funds. Whether Harris's conduct constituted knowing participation in the scheme or merely inadvertence combined with incredibly careless record keeping was for the jury to decide. Harris could not have failed to know that the large credits to his account were not a reflection of his own small deposits. His withdrawals against them, a jury might reasonably believe, were by design.

■ It was not necessary that the Government show the existence of a formal agreement between Harris and Edick. The existence of an unlawful and inherently covert agreement can be inferred from the overt conduct of the parties.[1] The agreement here could be inferred from Harris's acquaintanceship with Edick, which was shown at both trials, and from his withdrawals of the proceeds of the unlawful acts. The admissions introduced into evidence at the second trial make out a stronger case of conspiracy than did the evidence at the first trial, but their absence does not render the proof at the former trial fatally defective.

■ We note that the written commitment recites that Harris was convicted of making false entries rather than of conspiracy to make false entries. This is plainly a clerical error, but it should be corrected. Accordingly, the conviction will be affirmed, but the case will be remanded to permit the District Court to correct the commitment to conform to the judgment. See United States v. Morse, 4 Cir., 344 F.2d 27.

Affirmed and remanded.

---

1. "If [direct evidence of conspiracy] were necessary, it rarely, if ever, could be proved. Conspirators do not work in the light. They prefer darkness literally and figuratively. They frequently obscure their purpose by formal and technically correct instruments of writing, leaving their real purpose for execution, notwithstanding the writing. The effects and results of a conspiracy can be observed and proved, but rarely can one get a glimpse or make proof of the secret conferences which inaugurate it. For these manifest reasons proof of a criminal combination to do an unlawful act can rarely be made except by light reflected from its consequences or results." Smith v. United States, 8 Cir., 157 F. 721, 728; *see, also*, Pittsburgh Plate Glass Co. v. United States, 4 Cir., 260 F.2d 397; United States v. Cudia, 7 Cir., 346 F.2d 227.