**Norfolk**

RONALD DEAN EDWARDS

v.

COMMONWEALTH OF VIRGINIA

No. 1212-92-1

Decided March 15, 1994

COUNSEL

Walter C. Whitt, Jr. (Walter C. Whitt, Jr., P.C., on brief), for appellant.

H. Elizabeth Schaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal, we address the sufficiency of the evidence to support a conviction for conspiring to possess a controlled substance with the intent to distribute it. We hold that evidence from which the jury could have found that (1) the defendant and two accomplices attempted to buy marijuana, (2) the defendant knew of the intent of one of the accomplices to sell his share of the marijuana, and (3) the defendant expected to share in the proceeds of the accomplice's sale, was sufficient to support the defendant's conviction of conspiring to possess marijuana with the intent to distribute it.

Police arrested the defendant at a hotel in York County when he and two accomplices sought to purchase thirty pounds of marijuana from two undercover police officers. An informant, who had agreed to assist the Virginia State Police, arranged the proposed purchase.

The defendant arrived at the hotel with the informant and two other men, Kelly and Moore. Upon their arrival, an undercover officer retrieved two bags, one containing one twenty-pound block of marijuana, and the other containing eleven individually wrapped bags of marijuana. The defendant and Moore opened and examined the contents of both bags.

The participants discussed the proposed price of the marijuana. Kelly asked one of the officers the price of the twenty-pound block of marijuana. The defendant then asked if the price was $28,000 for the entire thirty pounds, and the officer confirmed that it was.

After determining that Kelly intended to buy additional marijuana in the future, the undercover officer offered to sell both bags of marijuana for $26,000.

The defendant and Kelly then discussed how they would divide the price of the marijuana. The defendant told Kelly, "Give the man twenty-two," ($22,000) for the twenty-pound block. The defendant also said that he had to have ten pounds for himself. During the course of the discussion, the defendant told Kelly (referring to the twenty-pound block), "I know what you're going to make off that." They agreed that Kelly would pay $21,000 for the twenty-pound block and the defendant would pay the difference. After arriving at this agreement, the defendant said that Kelly wanted another hundred pounds the following week and that he — the defendant — wanted a hundred dollars profit per pound from Kelly for every pound they ordered. The defendant added, "If they [the accomplices] want a hundred, I probably might want an additional twenty or thirty pounds myself."

Finally, the defendant stated to the officer, "I gave you five, they gave you twenty-one." The officer said, "I guess we have a deal here." At this point, other officers entered the room and arrested the defendant, Kelly and Moore.

The defendant characterizes this purchase of marijuana as "two separate buyer-seller transactions." He argues that he purchased ten pounds of marijuana for himself, and that the accomplices bought twenty pounds of marijuana for themselves. While admitting that the evidence shows that the three "pooled their monies" to purchase the marijuana, he argues that he and his accomplices each negotiated their individual shares out of the thirty pounds, thus showing a lack of agreement to purchase and distribute the marijuana jointly.

"[A] single buyer-seller relationship, standing alone, does not constitute a conspiracy." *Zuniga v. Commonwealth*, 7 Va. App. 523, 528, 375 S.E.2d 381, 385 (1988). Thus, if the defendant's characterization of two separate transactions is correct, no conspiracy existed between the accomplices and the defendant. *See Feigley v. Commonwealth*, 16 Va. App. 717, 723-24, 432 S.E.2d 520, 525 (1993). Furthermore, the defendant was not charged with a conspiracy to purchase marijuana. He was charged with conspiring to possess marijuana with an intent to sell it;

therefore, the evidence must support a finding that he and at least one other person conspired to possess the marijuana with such an intent.

■ "The agreement is the essence of the conspiracy offense." *Zuniga*, 7 Va. App. at 527-28, 375 S.E.2d at 384. A conspiracy is "an agreement between two or more persons by some concerted action to commit an offense," *Cartwright v. Commonwealth*, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982), and may be proven by circumstantial evidence. *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982); *Amato v. Commonwealth*, 3 Va. App. 544, 551-52, 352 S.E.2d 4, 9 (1987).

■ Following the Supreme Court's decision in *Direct Sales Co. v. United States*, 319 U.S. 703, 711 (1943), we apply a two-step test to determine whether a conspiracy exists in the sale of a controlled substance. *Zuniga*, 7 Va. App. at 529, 375 S.E.2d at 385. The first step is whether "the seller knows the buyer's intended illegal use"; the second step is whether the seller "intends to further, promote and cooperate in" the buyer's venture. *Direct Sales*, 319 U.S. at 711. Although *Direct Sales* involved a vertical transaction, i.e., one between a seller and a buyer, rather than a horizontal one, i.e. one between two buyers, the principles of the test may also be applied to a transaction between two buyers.

When one buyer knows that the other buyer intends to possess the substance with intent to distribute it, the first step in the test is met. *See Zuniga*, 7 Va. App. at 529, 375 S.E.2d at 385. In this case, the defendant's statement that he knew what Kelly was "going to make off that," was evidence from which the jury could find that the defendant had knowledge that Kelly intended to possess the marijuana with the further intent to distribute it.

An intention to further aid in a buyer's venture may be found in a seller's continued financial interest in the venture. In *Zuniga*, the seller sold cocaine to the buyer on credit, and his intent to further the buyer's venture could be inferred from his interest in getting his money back. *Zuniga*, 7 Va. App. at 532, 375 S.E.2d at 387. In this case, the defendant's statement that he expected one hundred dollars from every pound of marijuana that Kelly sold was evidence from which the jury could conclude that he intended to further Kelly's venture.

Both parts of the test for determining the presence of a conspiracy in a sale of a controlled substance were met in this case. From the two statements the defendant made during the transaction concerning his knowledge of what Kelly intended to do with the marijuana and his expectation of sharing in the profits of Kelly's sale of the marijuana, the jury could have found that a conspiracy existed between the defendant and Kelly. Sufficient evidence, therefore, supports the defendant's conviction.

The defendant also contends that the undercover officer did not have probable cause to arrest him. "Probable cause exists when the facts and circumstances within the officer's knowledge . . . alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Derr v. Commonwealth*, 6 Va. App. 215, 219-20, 368 S.E.2d 916, 918 (1988). The arresting officer personally observed the transaction and heard the defendant's statements. We hold, therefore, that the officer had probable cause to arrest the defendant.

For these reasons, we affirm the judgment of conviction.

*Affirmed.*

Baker, J., and Bray J., concurred.