SUSAN HUDAK, a/k/a

SUSAN LYNN WHITE

v.

COMMONWEALTH OF VIRGINIA

No. 0247-93-2

Decided November 22, 1994

COUNSEL

Neil Kuchinsky (Neil Kuchinsky & Associates, P.C., on brief), for appellant.

Eugene Murphy, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Susan Hudak (a/k/a Susan Lynn White) appeals her conviction for conspiracy to distribute lysergic acid diethylamide (LSD) in violation of Code §§ 18.2-256 and 18.2-248. Hudak argues that (1) the evidence was insufficient to support her conviction; (2) the court improperly instructed the jury as to the elements of conspiracy; and (3) her statutory speedy trial rights were violated. Because we hold that the evidence was insufficient to establish that a conspiracy existed, we reverse appellant's conviction.

I.

On April 21, 1992, appellant was indicted on one count of conspiracy to distribute LSD and two counts of distribution of LSD.[1] At trial, Scott Short testified that he met appellant in New York City in September of 1990 when she approached him and sold him 200 hits of LSD. Appellant and Short agreed that Short would purchase more LSD from appellant through the mail. Subsequently, appellant called Short to see if he wanted to purchase any LSD, and they conducted at least four transactions in which he sent the money to her either through the mail or via Western Union, and she sent him LSD through the mail. Short also testified that on several occasions when appellant needed money, he made advances to her, which she credited against his future purchases of LSD. This relationship continued for more than twelve (12) months. Short testified that he sent appellant $980, $200, and thirty dollars, respectively, on three separate occasions. The last shipment he received prior to his arrest contained 2,000 doses. Short testified that he sold most of the LSD to people who

---

[1] The jury found appellant guilty of conspiracy and not guilty of the distribution charges.

resold it. The record contains no direct evidence that appellant knew Short resold the LSD.

## II.

■ Appellant contends the evidence was insufficient to support her conviction for conspiracy to distribute LSD. She argues the Commonwealth failed to show she knew or should have known that Short was reselling the drug. While "we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom," *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988), we hold that there was insufficient evidence for the jury to convict appellant of conspiracy to distribute LSD.

■ A conspiracy is "an agreement between two or more persons by some concerted action to commit an offense." *Edwards v. Commonwealth,* 18 Va. App. 45, 48, 441 S.E.2d 351, 353 (1994) (quoting *Cartwright v. Commonwealth*, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982)). "The agreement is the essence of the conspiracy offense." *Id.* (quoting *Zuniga v. Commonwealth*, 7 Va. App. 523, 527-28, 375 S.E.2d 381, 384 (1988)). Based upon the evidence in the record, we hold that the relationship between appellant and Short merely constituted a series of two-party transactions as opposed to a conspiracy to distribute to third parties.

The facts in the instant case fail to meet the two-part test for determining whether a conspiracy to sell narcotics exists, as set forth by this Court in *Zuniga*. First, no evidence proved that appellant knew of Short's intended illegal use, namely, to distribute the LSD to third parties after it was purchased from appellant. *Zuniga*, 7 Va. App. at 529, 375 S.E.2d at 385. Second, there was insufficient evidence to show that appellant "intend[ed] to further, promote, and cooperate in" Short's redistribution of the LSD. *Id.*

The Commonwealth argues that appellant knew or should have known that Short was redistributing LSD because appellant sold Short 2,000 hits of LSD on one occasion. However, no testimony was introduced to prove Short's level of personal consumption, how often Short consumed LSD, how powerful one LSD "dose" is, how long unused LSD can be stored before it loses its potency, or why Short's purchase of 2,000 hits differed from the quantities

purchased earlier in the year-long series of transactions. Under the facts of this case, without more compelling evidence in the record, expert testimony on these issues was necessary to establish that appellant knew or should have known that Short was distributing LSD. Without any expert testimony from the Commonwealth as to these (and other related) issues, the jury was without evidence to conclude that the 2,000 hits of LSD were not for Short's personal use.

 Expert testimony was necessary because the jury was

confronted with issues . . . [that] cannot be determined intelligently merely from deductions made and inferences drawn on the basis of ordinary knowledge, common sense, and practical experience gained in the ordinary affairs of life [and] . . . thus require scientific or specialized knowledge.

*Compton v. Commonwealth*, 219 Va. 716, 726, 250 S.E.2d 749, 755-56 (1979) (citation omitted). When a conviction is based on circumstantial evidence, the evidence " 'must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.' " *Feigley v. Commonwealth*, 16 Va. App. 717, 724, 432 S.E.2d 520, 525 (1993) (quoting *Bishop v. Commonwealth*, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)). The Commonwealth did not meet this burden.

The facts of the instant case are not unlike those in *Feigley*, where we found no evidence to prove that the buyer and seller had prearranged that they would distribute drugs or that the seller would "run" drugs for buyer. Furthermore, no evidence proved that the seller sold drugs to the buyer "on credit" whereby the seller would have maintained a vested interest in the success of the buyer's resale. *See id.*; *Zuniga*, 7 Va. App. at 527-28, 375 S.E.2d at 384.

Neither the ongoing relationship between appellant and Short, nor the extension of credit from Short to appellant, provided sufficient evidence with which the jury could have reasonably concluded that a conspiracy to distribute existed. The transactions between appellant and Short simply lacked "the essential element of an agreement between the two parties to commit a subsequent distribution offense together." *Feigley*, 16 Va. App. at 722, 432 S.E.2d at 524.

It is unnecessary to address the issues pertaining to Wharton's Rule, the jury instruction, or appellant's speedy trial rights, due to our holding that no conspiracy existed.

For these reasons, we reverse and dismiss appellant's conviction.

*Reversed and dismissed.*

Koontz, J., and Barrow, J., concurred.