COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Elder
Argued at Richmond, Virginia


WAVERLY YATES, JR.
                                    MEMORANDUM OPINION* BY
v.     Record No. 1962-97-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JUNE 30, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                    Thomas V. Warren, Judge

        Wayne R. Morgan, Jr., for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Mark Earley, Attorney General, on
        brief), for appellee.



    Waverly Yates, Jr. (appellant) was convicted in a bench

trial of conspiracy to distribute cocaine in violation of Code

§ 18.2-256.  The sole issue raised is whether the evidence was

sufficient to sustain his conviction.  For the following reasons,

we reverse the conviction.

                                I.

    On appeal, "the evidence must be viewed in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Feigley v. Commonwealth,

16 Va. App. 717, 722, 432 S.E.2d 520, 523-24 (1993).  Officer

John McNabb of the Blackstone Police Department monitored

appellant's home two days per week for a two-week period and

observed activity that appeared to be drug transactions.  On

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

May 3, 1996, McNabb sent an informant into appellant's home to make a controlled drug buy. When the informant emerged, he gave McNabb "two clear ziplock packets with off-white rock material" believed to be "crack-cocaine." As a result of the buy, McNabb obtained a search warrant for the home.

When the police entered appellant's home, two men ran outside into the alley behind the house and were not caught. Appellant remained in the house and was arrested. The search revealed four packets of marijuana, marijuana residue, and packaging materials in the house, and several packets of marijuana in the alley. Appellant also turned over to police a "small" amount of marijuana in his possession.

According to McNabb's trial testimony, appellant "stated to me that he knew, the guys came from Hopewell to sell out of his house, he said he didn't get any profit from it." Appellant told McNabb the men were relatives of his wife's family and "[h]e stated it was a profit motive . . . they were making money from it." When McNabb told appellant about the controlled drug buy earlier that evening, appellant did not respond directly, "he just reiterated that he let them sell out of the house, but he didn't get any money from it." There was no evidence that appellant was involved in the controlled drug buy.

At trial, appellant denied making any such statements to the officer. The trial court denied appellant's motion to strike, stating: "Bottom line is I believe [McNabb's] testimony. I

believe that you told him those people were there to sell drugs at your house and that you didn't get any money out of it.  I believe you told that and I believe, under the law, that is sufficient to establish a conspiracy."  Appellant was convicted of conspiring to distribute cocaine and was sentenced to five years in prison, with four years suspended.

                              II.

Appellant contends the evidence was insufficient as a matter of law to sustain his conviction.  We agree.

A conspiracy is "'an agreement between two or more persons by some concerted action to commit an offense.'"  <u>Feigley v. Commonwealth</u>, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (citation omitted).  "'A defendant may wittingly aid a criminal act and be liable as an aider and abettor, but not be liable for conspiracy, which requires knowledge of and voluntary participation in an agreement to do an illegal act.'"  <u>Zuniga v. Commonwealth</u>, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988) (citation omitted).  "[T]he Commonwealth must prove 'the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting.'"  <u>Id.</u> at 527, 375 S.E.2d at 384 (citation omitted). "'The agreement is the essence of the conspiracy offense.'" <u>Hudak v. Commonwealth</u>, 19 Va. App. 260, 262, 450 S.E.2d 769, 771 (1994) (citation omitted).  "'[T]he Commonwealth must prove beyond a reasonable doubt that an agreement existed.'"  <u>Williams</u>

                              -3-

<u>v. Commonwealth</u>, 12 Va. App. 912, 915, 407 S.E.2d 319, 321 (1991) (citation omitted).

Viewed in the light most favorable to the Commonwealth, the evidence established only that appellant knew the others were selling out of his house, but failed to establish his prior agreement to participate in the offense. Proof of knowledge alone is insufficient to sustain a conviction of conspiracy to distribute cocaine. By allowing his home to be used for cocaine distribution, appellant may be considered as aiding and abetting the distribution, but the evidence falls short of establishing the concert of action necessary for conspiracy. <u>See</u> <u>Zuniga v. Commonwealth</u>, 7 Va. App. 523, 375 S.E.2d 381 (1988).

For the foregoing reasons, we reverse and dismiss.

<u>Reversed.</u>