COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


TERRY JANSEN FORNEY

MEMORANDUM OPINION[*] BY
v.   Record No. 2107-97-4     JUDGE CHARLES H. DUFF
                             DECEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

David Rosenblum (Rosenblum & Rosenblum,
L.L.C., on brief), for appellant.

Ruth Ann Morken, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Terry Jansen Forney (appellant) was convicted in a jury

trial of conspiracy to distribute marijuana.  He contends that

the evidence was insufficient to support the conviction.  We

agree, reverse and dismiss the conviction.

I.

Appellant mailed packages of marijuana to Carolyn and

Jeffrey Pinos on numerous occasions between January 1, 1992 and

December 31, 1995.  The packages were delivered by regular mail

and were addressed to Jeffrey Pinos.  The packages, typically

weighing about two pounds, were fourteen to twenty inches in

length, and were one to two feet deep.  Shirley Kerns, the

Pinoses' postal carrier, recalled delivering large packages

addressed to Jeffrey Pinos "every couple of weeks," some of which

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

weighed "30 pounds, 25, 30, maybe not that heavy."

The Pinoses paid appellant for the marijuana in different ways: by making large cash payments into two of appellant's credit card accounts, by sending money directly to appellant, or by delivering the money to appellant in person. After receiving the marijuana, Jeffrey Pinos would weigh and package it for resale. The Pinoses sold varying quantities of the marijuana to several different people.

On February 22, 1995, Linda Cortez, operator of a first-class postal business, opened a box addressed to appellant and discovered a large sum of money rolled and secured with rubber bands and wrapped in newspaper. Investigator Thomas Frazier responded to Cortez's call to the police. The box, which contained $7,000 in currency, had been sent to appellant by Carolyn Pinos. The Pinoses explained that they sent the money to pay for a motorcycle.

The seizure of the $7,000 prompted the execution of a search warrant at the Pinoses' home, after which Carolyn and Jeffrey Pinos were arrested.

## II.

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975). In

so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences. See Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988). The credibility of the witnesses, the weight accorded to testimony, and the inferences to be drawn from the proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The trial court's judgment will not be set aside unless the judgment is plainly wrong or without evidence to support it. See Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

A conspiracy is an agreement between two or more persons to commit an offense by some concerted action. See Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988). "In order to establish the existence of a conspiracy, as opposed to mere aiding and abetting, the Commonwealth must prove 'the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting.'" Id. (quoting United States v. Peterson, 524 F.2d 167, 174 (4th Cir. 1975)). "The agreement is the essence of the conspiracy offense." Id. A single buyer-seller relationship does not constitute a conspiracy. See id. at 528, 375 S.E.2d at 385.

The existence of a conspiracy is proved if "the evidence

- 3 -

demonstrates: (1) 'that the seller knows the buyer's intended illegal use,' and (2) 'that by the sale [the seller] intends to further, promote and cooperate in [the venture].'" Id. at 529, 375 S.E.2d at 385 (quoting Direct Sales Co. v. United States, 319 U.S. 703, 711 (1943)).

Viewing the evidence in the light most favorable to the Commonwealth, the evidence failed to meet this two-part test. First, no direct evidence proved that appellant knew of the Pinoses' intended illegal use of distributing the marijuana to third parties after they purchased it from appellant. The evidence showed that Carolyn and Jeffrey Pinos bought marijuana from appellant regularly and that they personally used marijuana heavily. When appellant visited them, he would bring marijuana in his backpack and share it with them. There was no evidence that appellant ever saw the Pinoses package the marijuana for resale, or that appellant saw anything that would indicate that the Pinoses were reselling the marijuana.

Assuming, without deciding, that the ongoing relationship between the parties and the quantity of marijuana shipped would support an inference that appellant knew, or should have known, that the Pinoses were not consuming all of the contraband, that does not end our inquiry. There was insufficient evidence to satisfy the second prong of the Zuniga test, that by the sale, appellant intended to further, promote and cooperate in the venture. The evidence showed that appellant sent marijuana to

the Pinoses, that the Pinoses paid him for the marijuana, and that occasionally, the Pinoses would "make a payment" when appellant needed money.  There was no evidence that appellant and the Pinoses had prearranged that they would distribute marijuana, or that appellant had any interest in the success of the Pinoses' resale of the marijuana.

Apropos to the present issue is the case of Hudak v. Commonwealth, 19 Va. App. 260, 450 S.E.2d 769 (1994), where we reversed a conviction of conspiracy to distribute LSD.  Susan Hudak sold the drug to Scott Short through the mail.  The relationship continued for more than twelve months.  On one occasion, 2,000 hits of LSD were sent to Short.  After holding that expert testimony was necessary to show that the quantity was beyond that needed for Short's personal use, we noted:

> Neither the ongoing relationship between appellant and Short, nor the extension of credit from Short to appellant, provided sufficient evidence with which the jury could have reasonably concluded that a conspiracy to distribute existed.  The transactions between appellant and Short simply lacked "the essential element of an agreement between the two parties to commit a subsequent distribution offense together."  Feigley [v. Commonwealth], 16 Va. App. [717] at 722, 432 S.E.2d [520] at 524 [(1993)].

Hudak, 19 Va. App. at 263, 450 S.E.2d at 771.

While the evidence in this case provides the basis for reasonable suspicion, it is not sufficient to establish the existence of a conspiracy beyond a reasonable doubt. Accordingly, the conviction is reversed and dismissed.

- 5 -

<u>Reversed and dismissed.</u>