UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Alston and Senior Judge Bumgardner
Argued by teleconference


AARON CHRISTOPHER SEARCY

MEMORANDUM OPINION[*] BY
v.       Record No. 1937-11-1       JUDGE RUDOLPH BUMGARDNER, III
NOVEMBER 27, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Aaron Christopher Searcy appeals his conviction for conspiracy to commit robbery. He

argues the evidence was insufficient to prove an agreement to commit robbery. Concluding the

evidence supported the conviction, we affirm.

We examine the evidence in the light most favorable to the Commonwealth, granting to it

all reasonable inferences fairly deducible therefrom. See Haskins v. Commonwealth, 31

Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).

The victim testified he was moving a television and a box containing clothes. He was

pushing the items on a cart. The victim walked past a man and a woman later identified as the

defendant and Heather Ballard. They were talking to one another as they passed the victim, but

he could not hear what they were saying. The victim stated the defendant and Ballard turned

around and "they" "start[ed] saying stuff" to him. They stood "right next" to the victim, and the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

defendant told the victim that the television did not belong to the victim. The defendant pushed him and struck him in the face. The defendant then left, pushing the cart containing the television. The victim testified the defendant never asked him if the television was for sale.

Ballard testified for the Commonwealth that she was walking with the defendant when they encountered the victim pushing the television on a cart. Ballard remarked to the defendant that the television looked similar to one she once owned and that her children did not have "the greatest TV anymore." She testified the defendant offered to ask the victim if the television was for sale. Ballard agreed to that and stated the defendant asked the victim if the television was in good condition and whether he would sell it. When the victim replied that the television was not for sale, the defendant told the victim, "Well, just let me get it then" and the defendant held onto the cart. The victim repeatedly asked the defendant not to take the television. Ballard stated the defendant said, "I'm taking it. This is it."

Ballard testified the defendant "punched the [victim] a couple times in the face and had told me to start pushing the cart." Ballard also stated the defendant told her to remove the other box from the cart, which she did. She then tried to push the cart, but she was only able to "turn it around and push it a slight bit" because it was heavy. She testified the defendant yelled at her, "What are you doing" because she was unable to push the cart. She told the defendant the cart was too heavy, and the defendant "turned around" and pushed the cart containing the television to the backyard of Ballard's apartment building. Ballard stated the television and the cart were put into a shed located behind her apartment building. Ballard testified that she pled guilty to robbery and conspiracy to commit robbery, but she had not been sentenced.

"'Conspiracy is defined as "an agreement between two or more persons by some concerted action to commit an offense."'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (quoting Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d

711, 713 (1982)). Proof of the existence of an agreement is an essential element to establish the crime of conspiracy. See Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 48 (1991). However, proof of an explicit agreement is not required, and the Commonwealth may, and frequently must, rely on circumstantial evidence to establish the conspiracy. Stevens v. Commonwealth, 14 Va. App. 238, 241, 415 S.E.2d 881, 883 (1992).

"'The existence of an unlawful and inherently covert agreement can be inferred from the overt conduct of the parties.'" Floyd v. Commonwealth, 219 Va. 575, 581, 249 S.E.2d 171, 174 (1978) (quoting United States v. Harris, 433 F.2d 333, 335 (4th Cir. 1970)). See Barber v. Commonwealth, 5 Va. App. 172, 177, 360 S.E.2d 888, 890 (1987) (sequence of events supports inference that defendant and others acted in concert and planned to transport marijuana).

> "'A common purpose and plan may be inferred from a development and collocation of circumstances.'" "Where it is shown that the defendants by their acts pursued the same object, one performing one part and the other performing another part so as to complete it or with a view to its attainment, the jury will be justified in concluding that they were engaged in a conspiracy to effect that object."

Amato v. Commonwealth, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987) (citations omitted).

Whether the defendant's "'conduct constituted knowing participation in the scheme or merely inadvertence . . . was for the [fact finder] to decide.'" Floyd, 219 Va. at 581, 249 S.E.2d at 174 (quoting Harris, 433 F.2d at 335).

The evidence supports the finding that the defendant and Ballard engaged in a coordinated effort to commit robbery and that they "'pursued the same object, one performing one part and the other performing another part so as to complete'" the taking of the television. Amato, 3 Va. App. at 552, 352 S.E.2d at 9 (citation omitted). The victim heard the defendant and Ballard conferring as they walked past him. Ballard testified she told the defendant that she once owned a similar television and her current television was "not that great." Although

- 3 -

Ballard testified the defendant inquired about purchasing the television from the victim, the victim testified the defendant simply said the television did not belong to the victim and the defendant began to strike the victim. Meanwhile, the defendant told Ballard to remove one box from the cart and to push the cart. Ballard complied with those instructions. When Ballard could only turn the cart around, the defendant yelled at her, "turned around," and he pushed the cart himself. The defendant and Ballard took the television to Ballard's apartment where it and the cart were secreted in a shed behind her apartment.

This evidence permits the fact finder to reason that the robbery was not a spontaneous crime committed only by the defendant. The robbery followed immediately the conversation between the defendant and Ballard about her need for a television. The actions of the defendant and Ballard as they took the television by violence from the victim were coordinated efforts. They supported the reasonable inference that the defendant and Ballard had a prearranged plan to take the item from the victim. "[T]he fact finder is not required to believe all aspects of a [witness'] . . . testimony; [it] may reject that which it finds implausible, but accept other parts which it finds to be believable." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). The trial court was entitled to discredit that portion of Ballard's testimony that indicated she had no discussion with the defendant about taking the television by force. See Harper v. Commonwealth, 49 Va. App. 517, 523, 642 S.E.2d 779, 782 (2007). Indeed, the trial court stated specifically it "resolve[d] all matters of credibility in favor of the Commonwealth." See Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Furthermore, Ballard testified that she pled guilty to robbery and conspiracy, which is evidence that she admitted that she agreed to committing the robbery.

Considering all the circumstances shown by the record, the defendant's "'actions were consistent with illegality and inconsistent with legality.'" Amato, 3 Va. App. at 554, 352 S.E.2d

at 10 (quoting <u>Wright</u>, 224 Va. at 505, 297 S.E.2d at 713).  Accordingly, we affirm the conviction.

<u>Affirmed.</u>